IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SPIVEY,<br>        *Petitioner*,<br><br>        v.<br><br>JOHN RIVELLO, et al.,[1]<br>        *Respondents*. | CIVIL ACTION<br><br>NO. 18-1740 |

**Pappert, J.**                                                    **March 28, 2024**

<u>**MEMORANDUM**</u>

Robert Spivey filed a motion asking the Court to reconsider its denial of his habeas petition and certificate of appealability.  He seeks in a separate motion leave to amend his petition and for the Court to stay and hold in abeyance his habeas proceedings.  The Court grants in part Spivey's motion for reconsideration and reopens the judgment dismissing his habeas petition.  The Court also grants his motion for leave to amend and will allow him to assert a purported *Brady* claim while holding his proceedings in abeyance pending exhaustion of state remedies.  The Court denies the reconsideration motion with respect to all other relief sought.

I

In 2013, a Pennsylvania state-court jury convicted Spivey of first-degree murder and carrying a firearm, and he was sentenced to life in prison.  After a full round of

---

[1]        At the time Spivey filed his habeas petition, he was incarcerated at SCI-Smithfield, and correctly named then-superintendent Eric Tice as respondent.  Since then, Spivey has been moved to SCI-Huntingdon.  Therefore, the Court named Rivello, superintendent of SCI-Huntingdon, as the respondent.  *See* Rules Governing Section 2254 Cases, Rule 2(a) (requiring state officer with current custody of petitioner to be named as respondent).

appeals in the state courts and the completion of state post-conviction review, Spivey filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  (ECF No. 1.) Magistrate Judge Hey issued a Report and Recommendation recommending denial of all nine of Spivey's claims.  (ECF No. 38.)  Spivey objected with respect to claims two through nine, and moved to amend his Petition to add a freestanding claim of actual innocence.  (ECF Nos. 44, 50, 51, 55, 60, 62.)  On August 15, 2023, after thoroughly reviewing the record, the Court adopted the R&R in full, denied Spivey's motions to amend, denied the petition and denied issuance of a COA for all claims.

On September 12, 2023, Spivey filed a Rule 59(e) motion for reconsideration of the Court's denial of his habeas petition and COA on two grounds.  First, he claims to have new evidence that the Commonwealth failed to disclose it had filed a motion with the trial court to grant Jermaine Harvin, the Commonwealth's primary witness against Spivey, immunity from prosecution for any conduct disclosed in Harvin's testimony. (Mot. for Reconsideration, pp. 4–5, ECF No. 80).  He also requests leave to amend his petition to include the new evidence of this purported *Brady* violation, and for the Court to stay and hold in abeyance his habeas proceedings while he submits a successor PCRA petition raising his *Brady* claim and exhausts state remedies.  (Mot. for Leave to Amend Petition and Stay Proceedings, ECF No. 81).  Second, Spivey argues that Claim Six of his habeas petition—that trial counsel was ineffective for providing advice that vitiated the knowing and intelligent waiver of his right to testify—should be reevaluated.  (Mot. for Reconsideration, p. 5).

II

A Rule 59(e) motion, even if it advances a new claim, is "part and parcel of the petitioner's one full opportunity to seek collateral review," not a second or successive habeas petition. *Blystone v. Horn*, 664 F.3d 397, 414–415 (3d Cir. 2011) (internal quotation marks and citation omitted). The motion must be filed within twenty-eight days of the entry of judgment, Fed. R. Civ. P. 59(e), and the party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). Reconsideration is "a form of relief generally left to the discretion of the lower courts." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018).

"[N]ew evidence, for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks and citation omitted). "The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them." 11 Fed. Prac. & Proc. Civ. § 2808 (3d ed.).

III

A

Spivey claims to have two new pieces of evidence: (1) a proposed motion and order granting Harvin immunity for testifying, dated four days before Spivey's criminal trial started in 2013, that the defense did not receive until November 2022 (Ex. A, ECF No. 81–1), and (2) a purported declaration by Harvin, signed on September 11, 2023, that he had signed an immunity deal in Spivey's case.  (Ex. B, ECF No. 81–1). Typically, filing a motion for reconsideration on the final day of a 28-day window might raise questions about whether such evidence could have been previously discovered through reasonable diligence.  But alleged evidence of a *Brady* violation is the quintessential example of evidence that could not have been discovered through reasonable diligence since it is the prosecutor's duty to turn over exculpatory evidence. *See Dennis v. Sec'y, Pa. Dep't Corr.*, 834 F.3d 263, 290 (3d Cir. 2016) (holding the prosecution's "duty to disclose under *Brady* is absolute—it does not depend on defense counsel's actions" and the defense is "entitled to presume that prosecutors have 'discharged their official duties.'") (quoting *Banks v. Dretke*, 540 U.S. 668, 696 (2004)).

B

1

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's consent or the court's leave," Fed. R. Civ. P. 15(a)(2), which "[t]he court should freely give . . . when justice so requires."  *Id.*  However, a district court has the

4

discretion to deny this request "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (internal citation omitted).  Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  The decision of whether to grant or deny leave to amend is within the sound discretion of the district court.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).

2

Spivey has not acted with undue delay or bad faith in seeking leave to amend, and respondents do not contend amendment would prejudice them.  The Court cannot say that amendment to include a *Brady* claim would be futile, either.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutors "have an affirmative duty to disclose [Brady] evidence . . . even though there has been no request [for the evidence] by the accused."  *Dennis*, 834 F.3d at 284 (internal quotations omitted).  "To establish a *Brady* violation, it must be shown that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment."  *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006) (citing *Brady*, 373 U.S. at 87).  Evidence is material when "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different" or when the disclosure "could reasonably be taken to put the whole case in such a different

light as to undermine confidence in the verdict." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009). "In judging materiality in a case involving multiple *Brady* violations, the Supreme Court has mandated that the effect of the violations should be considered collectively, not item by item." *Simmons v. Beard*, 590 F.3d 223, 234 (3d Cir. 2009). Spivey states sufficient facts—alleged evidence of Harvin's immunity agreement that was not disclosed yet could have been used to impeach his testimony—to allow the Court to infer that a *Brady* claim may not be futile.

Spivey's amended claim would not be barred by AEDPA's timeliness or second or successive petition requirements. Spivey contends that he became aware of the motion and proposed order in November 2022, and he filed his motions within one year of that date. Under AEDPA's one-year period of limitations for the filing of petitions, 28 U.S.C. § 2244(d)(1)(D), the filing is timely. *See also Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 293 (3d Cir. 2021) ("it is unreasonable to expect the petitioner to harbor suspicions that the government is defying its obligations, because such an expectation would be fundamentally at odds with *Brady* itself," therefore "a habeas petitioner's *Brady* claim is timely under 28 U.S.C. § 2244(d)(1)(D) so long as it is filed within one year of the date on which the petitioner has reason to believe that the prosecution may have violated its duty of disclosure.") His new claim would not constitute a second or successive habeas petition, since a Rule 59(e) motion is not a second or successive petition, *Blystone*, 684 F.3d at 415, and both motions—the motion for reconsideration and the motion for leave to amend the petition and stay and hold in abeyance the proceedings—were filed before exhausting appellate remedies regarding the Court's

denial of his habeas petition.  *United States v. Santarelli*, 929 F.3d 95, 105 (3d Cir. 2019).

C

A stay is available only where the petitioner had "good cause" for failing to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in "intentionally dilatory litigation tactics."  *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Spivey has established good cause by first seeking state court review of his claims.  The decision whether the new evidence can satisfy the Pennsylvania standards to be timely under the PCRA is one that should be made by the Pennsylvania courts in the first instance.  *See Williams v. Eckard*, No. 15-CV-0944, 2017 WL 1536272, at *6 (E.D. Pa. Feb. 28, 2017).  If the state court determines that Spivey's PCRA petition is untimely or otherwise improperly filed, any subsequently filed habeas petition would be untimely.

Spivey's *Brady* claim, which arises from newly-discovered evidence of the Commonwealth's deal with Harvin, does not appear to be "plainly meritless," although the Court does not opine as to its merit.  Nor does it appear from the record that Spivey has engaged in dilatory litigation tactics, as he brought his Rule 59(e) motion the day after receiving Harvin's declaration, and within the 28-day window for filing a motion for reconsideration.

If the state courts determine that Spivey's PCRA petition is properly filed and decide the petition on its merits, the proceedings will inform this Court's analysis of the merits of his federal habeas petition.  "The interests of comity and federalism dictate

7

that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. at 274 (citation omitted).  The state courts should have the opportunity to adjudicate Spivey's successor PCRA petition before this Court resolves any future, amended habeas petition.

## IV

## A

Spivey also moves for reconsideration of the Court's denial of Claim Six of his habeas petition, that Spivey's trial counsel, now-Judge DiClaudio, "was ineffective for providing advice that vitiated the knowing and intelligent waiver of his right to testify." (Mot. for Reconsideration, p. 5).  Specifically, Spivey argues the Court committed clear error by concluding that trial counsel's strategy of arguing self-defense without calling the defendant to testify was a reasonable one under the circumstances.  *See* (Mem. Den. Habeas Pet., p. 28, ECF No. 78).  In his original habeas petition, Spivey said trial counsel advised him not to testify because his criminal record could be used against him, (Ptn. p. 17), which is an incorrect application of the Pennsylvania Rules of Evidence.[2]  Later, Spivey added that trial counsel also advised him not to take the stand because the Commonwealth had not met its burden of proof.  (Reply Br. p. 17, ECF No. 20.)

Spivey raises two arguments for reconsideration—both tied to the credibility of Judge DiClaudio, who testified at an evidentiary hearing on Claim Six.  First, Spivey notes that Judge DiClaudio "had no specific recollection of the reasons he provided to

---

[2]     Under the Pennsylvania Rules of Evidence, only prior convictions for *crimen falsi* can be used to impeach a witness.  Pa. R. E. 609(a).  At the evidentiary hearing, trial counsel acknowledged that Spivey's prior convictions did not qualify as *crimen falsi* and could not have been used against him. (Evid. Hrg. Tr. vol. 1, 9:22–25.)

8

[Spivey not to testify], did not memorialize conversation with [Spivey], and did not review any notes prior to the hearing." (Mot. for Reconsideration, pp. 5–6) (citing Evid. Hrg. Tr. vol. 1, pp. 6–7, 11, 12, 13, 30, ECF No. 31). Second, Spivey notes that Judge DiClaudio "was accused of inaccurately completing his annual Statement of Financial Interest each year from 2016–2019 by the Judicial Conduct Board of Pennsylvania," and argues that these allegations "speak to his credibility on the stand and potential to misrepresent the facts to benefit himself," and that "hearing testimony, some seven years later from a potentially incredible witness, should not be prioritized over Mr. Spivey's recollection of what his attorney told him, which was memorialized in a *pro se* petition a few months after his trial." (Mot. for Reconsideration, p. 6).

B

Spivey's arguments for reconsideration largely mirror ones made in his habeas petition. But "mere disagreement with the earlier ruling" does not justify reconsideration. *In re Energy Future Holdings Corp.*, 904 F.3d at 311–12.

In her R&R, Judge Hey concluded that Judge DiClaudio did not advise Spivey that his criminal record could be used against him if he testified. (R&R, p. 47, ECF No. 38). Judge Hey evaluated Spivey and Judge DiClaudio's testimony regarding the advice given, and determined that Judge DiClaudio was the more credible of the two. (R&R pp. 46–47, 59.) Adopting Judge Hey's recommendation, this Court reasoned, *inter alia*, that its confidence in the recommendation was "bolstered by [the Court's] review of the trial transcript, in which trial counsel demonstrated his grasp of the *crimen falsi* rule in addressing the Commonwealth's motion *in limine* to preclude cross-

9

examination with respect to Harvin's prior convictions." (Mem. Den. Habeas Pet., pp. 27–28) (citing Trial Tr. vol. 2, 5:13–6:4).

At the evidentiary hearing, Judge DiClaudio "testified that he chose to present a self-defense theory because the alternative, mistaken identity, was not viable given how well the witnesses knew each other." (Mem. Den. Habeas Pet., p. 28) (citing Evid. Hrg. Tr. vol. 1, 28:20–29:6.)  And because the Commonwealth made an "all-or-nothing" decision to try Spivey for first-degree and third-degree murder, Judge DiClaudio reasoned that "shooting someone with an imperfect self-defense wouldn't rise to the level of first or third degree [murder]." (Mem. Den. Habeas Pet., p. 28) (citing Evid. Hrg. Tr. vol. 1 at 28–29.)  The Court thoroughly reviewed Judge Hey's recommendation and the record and found, *inter alia*, Judge DiClaudio had "investigated the facts, law and possible defense strategies," and that it was reasonable for him "to pursue an imperfect self-defense strategy" and "to believe he could succeed on that strategy without calling Spivey to testify, because he impeached Harvin—the only eyewitness to the shooting—on his bias and motive for testifying." (Mem. Den. Habeas Pet., p. 29).

The Court also previously dealt with concerns of Judge DiClaudio's credibility based on the Judicial Conduct Board's determination that he violated the Pennsylvania Constitution and Code of Judicial Conduct by inaccurately completing his annual financial interest statements.[3]  As the Court explained when denying Spivey's habeas petition, Judge DiClaudio's litigation misconduct and financial misreporting do not

---

[3]     The Court denied habeas relief while considering that the Judicial Conduct Board subsequently found DiClaudio violated the Pennsylvania Constitution and Code of Judicial Conduct—not just that he had been "accused of" doing so, as Spivey's Motion for Reconsideration describes.  *See* (Mot. for Reconsideration, p. 6).

undermine "Judge Hey's finding that, based on his extensive experience, DiClaudio would not have made a mistake on a basic evidentiary issue" such as whether or not Spivey's criminal record could be used against him.  (Mem. Den. Habeas Pet., p. 27 n. 8).[4]

## IV

Spivey also moves for reconsideration of the Court's denial of a certificate of appealability.  A certificate of appealability may issue "only if the applicant made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Spivey offers no new argument for why the Court should reconsider its previous decision, that reasonable jurists would not debate this Court's ruling that Spivey has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

[4]      In denying Spivey's habeas petition, the Court also explained that Spivey had not shown he was prejudiced by not testifying in his own defense.  The Court evaluated, *inter alia,* Spivey's testimony at the evidentiary hearing, where he explained what he would have said had he taken the stand.  As the Court concluded then, "[t]here is not a reasonable probability that a jury would have credited his testimony because it conflicted with all the other witnesses' accounts of the event and with the physical evidence from the scene."  (Mem. Den. Habeas Pet., p. 29).